**Louis J. YOST; Mary E. Yost; Harry W. Soper, a minor, appearing by and through his guardian ad litem, Mary E. Yost, Plaintiffs,**

v.

**UNITED STATES of America et al., Defendants.**

**UNITED STATES of America, Defendant and Third-Party Plaintiff,**

v.

**Randa K. GIBBS and Donovan L. Gibbs, Third-Party Defendants.**

**Civ. No. 8461.**

United States District Court
N. D. California, N. D.

Jan. 7, 1963.

Fitzwilliam, Memering, Stumbos & De-Mers, Sacramento, Cal., for plaintiffs.

E. Richard Walker, Asst. U. S. Atty., Sacramento, Cal., for defendant and third-party plaintiff United States.

McGregor, Bullen, Saldine & Erich, Sacramento, Cal., for third-party defendants Randa K. Gibbs and Donovan L. Gibbs.

HALBERT, District Judge.

This action arises out of an automobile accident. Plaintiffs initiated the action against the defendant, United States of America (hereinafter United States), and others, pursuant to the provisions of the Federal Tort Claims Act (Title 28 U.S.C. §§ 1346(b) and 2671 et seq.). The defendant, United States, has now, under the provisions of the Federal Rules of Civil Procedure, Rule 14(a), filed a third-party complaint against third-party defendants, Randa K. Gibbs and Donovan L. Gibbs (hereinafter Gibbs), contending that the negligence of the Gibbs was the proximate cause of the injuries and damage suffered by plaintiffs. By said third-party complaint, United States seeks to set forth a cause of action based on § 875 of the California Code of Civil Procedure, which section permits contribution between judgment debtors who are joint tort-feasors. Third-party defendants Gibbs have filed a motion to dismiss the third-party complaint.

The Gibbs were originally named as defendants in this action. They filed an answer denying generally the allegations of negligence against them. In view of the jurisdictional problems involved with reference to the other defendants named, United States moved to dismiss the action as against all defendants other than itself. This motion was granted as a matter of jurisdictional necessity, notwithstanding the fact that the granting of the motion made it patent that separate litigation of the same events, as between different parties to the events, would be required.

Rule 14(a) of the Federal Rules of Civil Procedure authorizes the joining of a third-party defendant who is, or may be, liable to a defendant in part, or in total, for a plaintiff's claim against said defendant. United States seeks to join the Gibbs as third-party defendants under this rule. No independent ground of jurisdiction is asserted or claimed. United States seeks to support its position by claiming that this third-party proceeding is within the ancillary jurisdiction of the Court and that therefore

no such independent ground of jurisdiction need be shown (See: Fong v. United States, D.C., 21 F.R.D. 385).

Third-party defendants Gibbs contend that since they are no longer joined as parties defendant in the Yost action against the United States, the California contribution statute has no application to them. In the present posture of the case, their contention is sound. United States is seeking to set forth a cause of action based upon a statute which, by its terms, cannot apply until there is already jurisdiction over the parties and subject matter. California Code of Civil Procedure § 875 makes Title 11 of said Code applicable "[w]here a money judgment has been rendered jointly against two or more defendants in a tort action * * *." A party cannot pull itself up into the jurisdiction of this Court by its own bootstraps. United States argues that this Court has ancillary jurisdiction over the Gibbs because of the alleged cause of action created by the contribution statute. The contribution statute does not, however, apply until a joint judgment has been rendered. Since a valid judgment cannot be rendered without jurisdiction, it is patent that the contribution statute cannot be used to establish such jurisdiction (See: Thornton v. Luce, 209 A.C.A. 613, 26 Cal.Rptr. 393).

In the case of Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178, it was held that the impleading of a third-party defendant was improper in an action similar to the present one, where federal jurisdiction was based upon diversity of citizenship. The Court there felt that, since such impleader would not be allowed under the procedure of the State of New York, no greater right should be allowed in the federal courts, under the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Similar rulings are found in Wolfe v. Johnson, D.C., 21 F.R.D. 280; Murtagh v. Phillips Waste Oil Pick-up & Road Oil Service, D.C., 17 F.R.D. 495; and Kuhn v. Yellow Transit Freight Lines, D.C., 12 F.R.D. 252. The attempt of United States to differentiate Brown v. Cranston from the instant case is not impressive.

■ United States contends in the instant case that the aforementioned policy considerations are inapplicable where the original action is founded upon a federally created right. In connection with this argument, United States asserts that the controlling procedure is federal, and that Rule 14(a) should be applied to permit the joinder of the Gibbs in this action. By such argument, it appears that United States is contending that the contribution statute has two faces, one substantive and one procedural. Presumably the contribution statute is substantive insofar as it creates a cause of action for contribution against a joint tort-feasor, but procedural insofar as it conditions said cause of action upon the existence of a prior joint judgment. A similar contention was made in Smith v. Whitmore, 270 F.2d 741, and, like the Court of Appeals for the Third Circuit there, I cannot subscribe to that contention.

The Court of Appeals for the Ninth Circuit has held (United States v. Arizona, 214 F.2d 389, rehearing denied, 216 F.2d 248), and the United States Supreme Court has intimated (United States v. Yellow Cab Co., 340 U.S. 543, 551–552, 71 S.Ct. 399, 95 L.Ed. 523) that the law of the state in which the tort occurs determines the right of contribution among joint tort-feasors, in an action brought under the Federal Tort Claims Act. No differentiation between substance and procedure has been set forth in either of those cases. United States points to Showers v. United States, D.C., 113 F.Supp. 350, and Russell, Poling & Co. v. United States, D.C., 140 F.Supp. 890, as cases supporting its position in the instant case. The Showers case, however arose in the State of Pennsylvania prior to the enactment in that state of the Uniform Contribution Among Joint Tort-Feasors Act in 1951. In Pennsylvania prior to 1951, and at the time when the Showers case arose, the right of contribution between joint

tort-feasors had been recognized as existing prior to the rendition of a joint judgment (See, e. g., Goldman v. Mitchell Fletcher Co., 292 Pa. 354, 141 A. 231). The Russell case, although brought under the Federal Tort Claims Act, involved the claim of a maritime tort, as to which substantive admiralty principles, including that of contribution, were to be applied by the state courts. Joinder of the third-party defendant in that case, therefore, was allowed as a matter of substantive law, rather than pursuant to a strictly procedural doctrine under Rule 14(a).

This action was brought originally by the Yosts against the United States, the Gibbs and others. In view of the jurisdictional requirements of the federal courts, the action was, on the motion of United States, dismissed as to the Gibbs. A dismissal of the third-party complaint is not here required in order to prevent any advantage or disadvantage to the parties which would not occur in the state courts. To the contrary, it appears that the Gibbs will be completely eliminated from any participation in the Yosts' case against United States, merely because of the jurisdictional requisites of the Federal Tort Claims Act in its present form. The result thus reached is the exact opposite of that which would have occurred in a state court [treating United States as a private party who could be sued in a state court], since the Yosts' original action against United States and the Gibbs as co-defendants could there have been continued through to a final determination of relative liability and contribution among the parties. United States having consented to be sued only in federal courts, where jurisdiction is limited to those actions which the Court is authorized to hear, it is, under the circumstances of this case, compelled to defend itself in a much more disadvantageous position than that which would be available to a private litigant in a similar situation. This, in all probability, was not the intent of the framers of the Federal Tort Claims Act, but I must accept and adjudicate the law as I find it. While it would appear that the situation involved in the present action is an area in which legislative action might profitably be undertaken, this is a matter for Congress and not the courts.

IT IS, THEREFORE, ORDERED that the motion of third-party defendants Gibbs to dismiss the third-party complaint of United States against them be, and the same is, hereby granted;

AND IT IS FURTHER ORDERED that the third-party complaint, and the cause of action sought to be set forth therein, be, and the same are, hereby dismissed. The third-party defendants may prepare a formal order if they so desire.