Richard GIPSON, by next friend J. L. Gipson, Plaintiff,

v.

Millard SHELLEY, Defendant.

J. L. GIPSON, Plaintiff,

v.

Millard SHELLEY, Defendant.

Civ. A. Nos. 629, 630.

United States District Court
E. D. Tennessee,
Winchester Division.

April 11, 1963.

Hayes & Swafford, Winchester, Tenn., Sizer Chambliss, Chattanooga, Tenn., of counsel, for plaintiff.

J. H. Reddy, U. S. Atty., and B. B. Guthrie, Asst. U. S. Atty., Chattanooga, Tenn., for defendant.

NEESE, District Judge.

These plaintiffs brought action in tort against an employee of the United States in a state court for alleged negligence in a motor vehicle collision in which

the governmental employee's vehicle was involved. The United States attorney, acting for the Attorney General, certified that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suits arose, and the actions were removed to this court. Thus, these proceedings are now deemed tort actions brought against the United States, 28 U.S.C. § 2679(d), and government attorneys are required to defend the actions, 28 U.S.C. § 2679(c), and they exclude any other civil actions which might be brought against the original defendant Shelley by reason of this same subject matter, 28 U.S.C. § 2679(b). The defendant Shelley is relieved of any liability to these plaintiffs for any act or omission which gave rise to these claims, since if any party is now liable to these plaintiffs, it is the United States.

■ The government attorneys have now moved for leave to join Government Employees Insurance Company, a District of Columbia corporation doing business in Tennessee, as a third-party defendant. Rule 14(a), Federal Rules of Civil Procedure. It is alleged that the proposed third-party defendant is, or may be, liable to the defendant Shelley for all or part of these plaintiffs' claims in these actions by virtue of a policy of automobile liability insurance issued to Shelley and in force at the time of this accident.

Rule 14(a), supra, authorizes the joining of a third-party defendant who is, or may be, liable to the defendant in whole or in part for a plaintiff's claim against that defendant, Yost v. United States, D.C.Cal. (1963), 212 F.Supp. 410, 411, but Government Employees Insurance Company is not, and cannot be, liable to the defendant Shelley, in whole or in part. As stated, these plaintiffs' claims by statute now lie against the United States solely. The insuror here contracted to be liable for all sums which the insured Shelley might become legally obligated to pay but did not contract to stand liable for any damages caused by the insured unless he was held legally liable therefor to some third party.

■ While this appears to be a case of first impression since the enactment of the 1961 statute (28 U.S.C. § 2679), it is clear to this Court that the insulation of the defendant Shelley from liability herein also serves to insulate the Government Employees Insurance Company. Not only is the proposed third-party defendant relieved of all liability to the defendant Shelley under the aforesaid policy of insurance, it is likewise relieved of any obligation to defend Mr. Shelley. This the government must do. 28 U.S.C. § 2679(c) and (e).

The defendant Shelley was a citizen and resident of Tennessee at the time of the issuance of the aforesaid automobile liability policy. Thus, the policy is a Tennessee contract governed by Tennessee law. Neither federal substantive rules and decisions nor decisions in other states govern here beyond the force of persuasiveness. T.C.A. § 56–1102; King v. Mutual Life Ins. Co. of New York, D.C.Tenn. (1953), 114 F.Supp. 700, 701. The United States cannot claim any benefit of the policy here involved, because a contract of insurance is purely personal between the insuror and its insured. Commercial Casualty Ins. Co. v. Columbia Casualty Co., C.A.Tenn. (1938), 22 Tenn. App. 656, 125 S.W.2d 493, certiorari denied.

It is the finding and conclusion of this Court that this insuror can never be required " * * * to pay * * * sums which [the defendant Shelley] shall become legally obligated to pay as damages * * * " to these plaintiffs because of the subject matter now before the court, and further that there is no possibility that Government Employees Insurance Company is, or may be, liable to the United States or to the defendant Shelley for all or part of the plaintiffs' claims against the United States or the defendant Shelley, Rule 14(a), supra.

Accordingly, it is Ordered that the motion of the defendant to join Government Employees Insurance Company as a third-party defendant herein be, and it hereby is, denied.