George STEPHAN, Plaintiff,

v.

George MADISON and United States of America, Defendant and Third-Party Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, Third-Party Defendant.

No. 63–C–651.

United States District Court
E. D. New York.

Nov. 7, 1963.

Joseph P. Hoey, U. S. Atty., E. D. New York, for defendant and third-party plaintiff; Stanley F. Meltzer, Asst. U. S. Atty., of counsel.

Christensen, Asch & Condon, New York City, for third-party defendant;

Giacomo Rocca, New York City, of counsel.

ZAVATT, Chief Judge.

This action was commenced by plaintiff George Stephan to recover damages allegedly arising from the negligent operation of an automobile by George Madison, defendant herein. At the time of the accident, the defendant, an employee of the United States, was acting in the course of his employment and operating a government-owned vehicle. Suit was brought in the Civil Court of the City of New York, Borough of Queens, and, after certification by the government, removed by defendant to this court on May 22, 1963 pursuant to 28 U.S.C. § 2679(d). This section provides that:

> "Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed * * *."

This removal provision is part of a recently enacted scheme of legislation which is designed to preclude any suit, other than one against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), in a situation such as that present in the instant case. See Perez v. United States, 218 F.Supp. 571 (S.D.N.Y.1963).

On June 13, 1963 an order of this court granted the United States leave to intervene under Rules 24(b) (2) and 21 of the Federal Rules of Civil Procedure and to serve a third-party complaint against Government Employees Insurance Company (hereinafter GEICO), third-party defendant herein. In essence, this complaint alleges that the United States is a third party beneficiary of an insurance policy existing between GEICO and the defendant George Madison, and that as a result thereof, GEICO is under an obligation to assume the defense of the action and pay any judgment which may be obtained against the defendant or third-party plaintiff.

■ The case is now before this court on a motion by the United States for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and a cross-motion by GEICO to dismiss the third-party complaint pursuant to Rule 41. The issue to be determined has been properly delineated by the parties and is simply whether the United States is an "insured" under the policy in question. The answer to this crucial question is readily apparent from the policy itself. The pertinent provision, entitled "Extended Non-Owned Automobile Coverage," declares that:

(a) The following are the *only* insureds under this endorsement:

(1) the individual named in the schedule and his spouse if a resident of the same household,

(2) any person or organization legally responsible for the use of an automobile or trailer *not owned* or hired by such person or organization provided the actual use thereof is by a person who is an insured under (1) above with respect to such automobile or trailer. (emphasis added).

Although the United States is legally responsible for the use of the automobile driven by Madison, the insured employee, it *did* own the vehicle and therefore is clearly excluded from coverage under subdivision (2) of the above provision. It is equally clear that no other provision of the policy affords the government the status of an "insured"; there is no general design, as there was in Grant v. United States, 271 F.2d 651 (2d Cir. 1959), which could lead this court to find "a studied effort to include as additional insureds all those to whom the doctrine of *respondeat superior* could possibly apply." 271 F.2d at 656. The fact that the United States, rather than its employee, is now the proper party defendant by virtue of section 2679, Perez v. United States, supra; Gipson v. Shelley, 219 F. Supp. 915 (E.D.Tenn.1963), can in no way alter the contractual obligation of the employee's insurer. Said insurer undertook liability only under expressly stipulated circumstances not present here. It appears that GEICO would be obligated to defend and pay any judgment received against the insured employee; but under the present set of facts there can be no suit against the employee. Congress has precluded such an action by 28 U.S.C. § 2679(b):

"The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be *exclusive of any other civil action or proceeding* by reason of the same subject matter *against the employee* or his estate whose act or omission gave rise to the claim." (emphasis added).

A thorough analysis of the legislative history underlying this section has led the United States District Court for the Southern District of New York to conclude "that the express purpose of Congress in enacting this legislation is to bar suits against Government driver employees in their individual capacity when involved in an accident while in the scope of their employment." Perez v. United States, supra, 218 F.Supp. at 572. Accord, Gipson v. Shelley, supra. In the Gipson case the court denied a motion by the government to join GEICO as a third-party defendant under Rule 14(a) of the Federal Rules of Civil Procedure, although it found that GEICO would have been liable for any judgment had the suit been one against the insured employee. The court noted that:

"While this appears to be a case of first impression since the enactment of the 1961 statute (28 U.S.C. § 2679), it is clear to this Court that the insulation of the defendant Shelley (the government employee) from liability herein also serves to insulate the Government Employees Insurance Company. Not only is the proposed third-party defendant

relieved of all liability to the defendant Shelley under the aforesaid policy of insurance, it is likewise relieved of any obligation to defend Mr. Shelley. This the government must do. 28 U.S.C. § 2679(c) and (e)." 219 F.Supp. at 916.

In light of the foregoing, it is of no consequence that the policy held by the insured employee was renewed and fully paid for subsequent to the effective date of 28 U.S.C. § 2679(d). By its receipt of the full premium for the "Extended Non-Owned Automobile Coverage" provision, GEICO undertook only to defend and stand liable to certain enumerated individuals and organizations; under the circumstances of this case such coverage did not extend to the United States. Accordingly, the government's motion for summary judgment is denied, and GEICO's cross-motion to dismiss the third-party complaint is granted.

 The government has made a further request in the event that this court should find, as it has, that the government is not an insured under this policy, i. e., that the government be permitted to withdraw the certificate (certifying that the accident occurred within the scope of Madison's employment) which is a prerequisite to removal under section 2679(d), and that the action be remanded to the state court. In furtherance thereof the government contends that "the only reason that the United States removed this action from the State Court to the Federal Court pursuant to the provisions of Title 28 Section 2679 was due to the failure and refusal of the third-party defendant to defend its insured." Such a withdrawal, however, is clearly impermissible. Surely government's counsel, having sworn in the certification that this accident occurred in the course of Madison's employment, is not now, without any new evidence appearing to the contrary, prepared to refute that conclusion. So long as this be true, the United States is under a statutory obligation to maintain the defense of this suit in this court. As its own memorandum states:

The Department of Justice has construed the provisions of 28 U.S.C. 2679(d), as amended, to *mandate* the defense of any suit against an employee, through the removal procedure authorized by subsection (d) thereof, and the payment of any judgment thus obtained. (emphasis added).

Thus, GEICO's refusal to defend Madison in the state court was not the "only" reason that the government removed this action; certainly the admitted Congressional mandate was of no less compulsion. The government's requests that it be permitted to withdraw its certification and that this case be remanded to the state court are denied.

Settle an order within ten (10) days from the date hereof.