**H. L. PATTERSON**

v.

**UNITED STATES of America et al.**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

**Vickie D. PATTERSON**

v.

**UNITED STATES of America et al.**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

Civ. A. Nos. 4210, 4211.

United States District Court.
E. D. Tennessee, S. D.
April 10, 1964.

**448**

Leon W. Davis, Jr., J. H. Reddy, U. S. Atty., Chattanooga, Tenn., and for third-party plaintiff.

Alvin O. Moore, of Spears, Moore, Rebman & Williams, Chattanooga, Tenn., for third-party defendant.

FRANK W. WILSON, District Judge.

The above styled cases are before the Court upon motions of the defendant, United States of America, to dismiss and motions of the third-party defendant, State Farm Mutual Automobile Insurance Company, to dismiss. These actions are brought under the Federal Tort Claims Act, Title 28 U.S.C. §§ 1346(b), 2671 et seq. Both the United States and its employee, John Sullivan, are named as parties defendant to the original action. A third-party action was filed by the United States against State Farm Mutual Automobile Insurance Company pursuant to the provisions of Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.

Upon January 8, 1964, the United States Attorney moved the Court to dismiss the above styled actions as to the defendant John Sullivan. It is undisputed that the accident complained of occurred while the defendant, John Sullivan, was acting within the course and scope of his employment as a rural mail carrier for the United States Post Office Department. It is contended by the United States Attorney that an action against the United States of America under 28 U.S.C. § 1346(b) is the exclusive remedy pursuant to the provisions of 28 U.S.C. § 2679(b). There being no opposition to the defendant's motions to dismiss and the motions to dismiss appearing to be well founded, the Court is of the opinion that the suits against the defendant, John Sullivan, should be dismissed.

Upon March 2, 1964, the third-party defendant, State Farm Mutual Automobile Insurance Company, moved to dismiss the third-party complaints filed against it by the United States of America. It is the contention of the third-party defendant that 28 U.S.C. § 2679

(b) provides that the exclusive remedy of the plaintiffs is an action against the United States. The United States of America, on the other hand, contends that it is an additional insured under the terms of the omnibus clause of the insurance policy of its employee, John Sullivan, and is therefore entitled to rely upon the insurance contract for the coverage and protection therein stated.

With reference to the insurance policy, it appears to be undisputed that the employee of the United States, John Sullivan, had in full force and effect upon the date of the accident here involved an automobile liability insurance policy with State Farm Mutual Automobile Insurance Company, being policy number 1148–106–F29–42, which policy is attached to the third-party complaint as Exhibit "B". The coverage afforded by the said insurance policy is liability for bodily injury or property damage (being listed as coverages A and B of the policy). The policy further provides that the term "insured" will include " * * * (4) under coverages A and B *any person or organization legally responsible for the use thereof by an insured* as defined under the three subsections above." (Emphasis supplied)

The third-party defendant relies upon the case of Gipson v. Shelley, 219 F.Supp. 915 (E.D.Tenn., 1963), where it was stated that

"While this appears to be a case of first impression since the enactment of the 1961 statute (28 U.S.C. § 2679), it is clear to this Court that the insulation of the defendant Shelley from liability herein also serves to insulate the Government Employees Insurance Company. Not only is the proposed third-party defendant relieved of all liability to the defendant Shelley under the aforesaid policy of insurance, it is likewise relieved of any obligation to defend Mr. Shelley. This the government must do. 28 U.S.C. § 2679(c) and (e)."

However, as pointed out in an opinion by Judge Brown in the Western District

of Tennessee, in the case of Vaughn et al. v. United States v. Tennessee Farmers Mutual Insurance Company, 225 F.Supp. 890, the Gipson case apparently did not involve the construction of an omnibus clause such as that involved in the Vaughn case and the cases before this Court. Following the case of Irvin v. United States, 148 F.Supp. 25 (D.C.S.D., 1957), Judge Brown stated in the Vaughn case that:

> "In support of its contention that it is an additional insured, the United States relies on the definition of an 'insured' in the policy as including ' * * * any person or organization legally responsible for the use thereof by an insured * * *'. The United States seem to come squarely within that language. * * "

Although the Irvin case was decided prior to the 1961 amendment to 28 U.S.C. § 2679(b) and involved a construction of 28 U.S.C. § 2674, it is believed that the amendment would have no bearing upon the correctness of the reasoning of that case or its persuasiveness. The holding of the Irvin case embodies general principles of insurance law expressive of considerations applicable to the cases now before the Court.

> "Section 2674, Title 28 U.S.C.A., makes the United States liable respecting the provisions of that title relating to tort claims in the same manner and to the same extent as a 'private individual' under like circumstances. A private individual would certainly be included within the terms 'person or organization.' The insurer and third party defendant in this case at the time it issued the policy here involved was cognizant of the wording and effect of the Tort Claims Act, which made the United States liable relating to tort claims to the same extent as a private individual under like circumstances. The words 'person or organization' used by the insurer in stating its definition of an insured were its own choice of words. The policy listed the occupation of the

insured * * * to be a rural mail carrier, his employer as the U. S. Government, and the purposes for which the described automobile was to be used as business and pleasure. I can reach no other conclusion but that the third party defendant intended to include the United States Government as an insured under the terms of the policy which it issued to Troup. Had it intended otherwise, it could have clearly indicated such intention by an endorsement to the policy. These facts, together with the well established rule of law that a policy of insurance reasonably susceptible of different interpretations will be construed strictly against the company, strengthens my conclusion that the third party defendant is liable in this case."

See also Rowley v. United States, 140 F.Supp. 295 (D.C.Utah 1956); Grant v. United States, 271 F.2d 651 (C.A. 2, 1959).

It is the opinion of the Court that the third-party defendant's motion to dismiss should be overruled. The general rule of law as set forth in 44 C.J.S. Insurance § 293, p. 1154–1155, is as follows:

> "Terms used in a policy which have by prior judicial decisions been given a definite meaning, will be regarded as being used in view of such established construction and be governed thereby; and if the insurer continues to issue, without change, policies, clauses of which have been judicially construed, it will be considered as issuing them with that construction placed on them, even though such construction violates the literal sense of the words used."

The omnibus clause in question had been judicially construed in the Rowley and Irvin cases, supra, to include the United States as an additional insured. There is no authority construing 28 U.S.C. § 2679(b) to have in any way affected the validity of the prior judicial construction or had such a change as its

**450**

purpose. The legislative history of 28 U.S.C. § 2679(b) indicates no such purpose. 1961 U.S.Code Cong. and Adm. News, p. 2784. And, as pointed out in the Irvin case, when the language of an insurance policy is chosen by the insurer, the policy will be construed strictly against the insurer and in favor of the insured if the policy is open to the construction contended for by the insured. Couch on Insurance, 2d Ed., Vol. 1, Sec. 15:73.

Orders will enter accordingly.