Paul Howard McCRARY, Plaintiff,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff

v.

STATE FARM AUTOMOBILE LIABILITY INSURANCE COMPANY, Third-Party Defendant.

Civ. A. No. 1658.

United States District Court
E. D. Tennessee,
Northeastern Division.

April 24, 1964.

Smoot, Wright & Cate, Kingsport, Tenn., J. Kenneth Wright and William H. Cate, Kingsport, Tenn., of counsel, for plaintiff.

John H. Reddy, U. S. Atty., Chattanooga, Tenn., David E. Smith, Asst. U. S. Atty., Knoxville, Tenn., and William E. Bowman, Asst. U. S. Atty., Knoxville, Tenn., of counsel for defendant third-party plaintiff.

Swingle & Hardin, Greeneville, Tenn., James N. Hardin, Greeneville, Tenn., of counsel, for third-party defendant.

NEESE, District Judge.

The plaintiff McCrary brought this action in tort against Frank X. Kuhn,[1] alleging the diverse citizenship of the parties and the jurisdictional amount, 28 U.S.C. § 1332(a) (1). Damages are claimed for personal injuries and loss of property allegedly caused by the negligent or wrongful act or omission of Mr. Kuhn, resulting from the operation of a motor vehicle. After the defendant had answered, a motion was filed by the United States attorney, averring that the Attorney General of the United States had certified that, at the time of the incident out of which this action arose, the defendant Kuhn was acting within the scope of his employment under a contract with the Architect of the Capitol for personal services, that the plaintiff's remedy was by action against the United States as provided by 28 U.S.C. § 1346 (b), and that such remedy was exclusive. This motion was granted, and the United States was substituted for Mr. Kuhn as the party defendant herein. 28 U.S.C. § 2679(b) and (c) and 1346(b). The Attorney General is now defending this action, 28 U.S.C. § 2679(c) and is authorized to compromise or settle the plaintiff's claim, 28 U.S.C. § 2679(e), infra.

After the United States was substituted as the defendant herein, the United States attorney for this District sought permission at the pretrial conference to implead Mr. Kuhn's automobile liability insuror, State Farm Mutual Automobile Insurance Company of Bloomington, Illinois (hereinafter referred to as State Farm), as a third-party defendant. Rule 14(a), Federal Rules of Civil Procedure. It was asserted that the national sovereign was an "insured" under a policy of automobile liability insurance issued by State Farm to Mr. Kuhn and in force at the time of the automobile accident involved herein. The Court was disposed initially to refuse permission, on the theory that State Farm was relieved of liability by 28 U.S.C. § 2679 which placed any liability exclusively on the federal government. Gipson v. Shelley, D.C. Tenn. (1963), 219 F.Supp. 915. However, on the representation of counsel for the sovereign that this Court had not considered and passed on the precise question to be presented by the proposed third-party complaint, the motion was granted on the authority of Irvin v. United States, D.C.S.D. (1957), 148 F.

[1]. Incorrectly designated in the complaint and summons as "Frank X. Kutin".

Supp. 25.[2]  State Farm has now moved for a dismissal of the third-party complaint on the ground that a cause of action is not stated against it on which relief could be granted.  Rules 14(a) and 12(b) (6) Federal Rules of Civil Procedure.

The only provision found in Mr. Kuhn's policy with the third-party defendant under which it is, or may be, liable to the defendant United States for all or part of the plaintiff's claim in this action, is as follows:

"*  *  *  (T)he unqualified word 'insured' includes (1) the named insured, and also includes  *  *  * (3) any other person while using the owned automobile, provided" etc. "and (4) under Coverages A and B any person or organization legally responsible for the use thereof by an insured defined under the three subsections above."

Mr. Kuhn is the named insured in this policy and owned the insured vehicle. Coverages A and B of the policy protect an insured against liability for bodily injury and property damage, such as the plaintiff claims to have sustained in this action.  The question for determination, then, is whether the United States has a right of action against the automobile liability carrier of its employee Kuhn which would permit it to be indemnified or exonerated if the plaintiff McCrary is successful in holding the defendant United States liable under the Tort Claims Act for the negligence of its said employee.

Actions not specifically provided for in the Tort Claims Act, have been allowed where courts were dealing with " *  *  * an established type of liability, which was within the broad sweep of the claims for which the United States had agreed to stand liable.  *  *  * " United States v. Gilman (1954), 347 U.S. 507, 74 S.Ct. 695, 98 L.Ed. 898, 901.

Undoubtedly, the United States may *be* sued as a third-party defendant for contribution claimed by a joint tort-feasor, although no specific provision of the Act provides for such actions.  United States v. Yellow Cab Co. (1951), 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523. And where the ship's service officer in charge of a specific business operation at the United States Merchant Marine Academy was issued a policy, not identifying by personal name any of those insured, but naming by positions the incumbents of supervisory offices and adding as additional insured any other superior administrative authority, the United States, which owned and operated the Academy, was "an additional insured" and could maintain a third-party action against the indemnitor when the United States was sued under the Tort Claims Act.  Grant v. United States, C.A.2nd, 271 F.2d 651.

The Grant case, supra, seems to have been decided primarily on the premise that the federal government's representatives and its insurance carrier had made a " *  *  * studied *  *  * " effort to insure both the United States and all its pertinent officials concerned with the operation of a commercial establishment at one of its installations.  Where there is ambiguity in a contract, the practical construction placed on it by the parties, of course, is of controlling importance.  Hawkeye Casualty Co. v. Rose, C.A.8th (1950), 181 F.2d 157[4].

The issuance date of the policy now under consideration at this bar was May 15, 1962.  This date was approximately 60 days following the effective date of the 1961 amendments to 28 U.S.C.A. § 2679.  The general effect of these amendments was to make the remedy of a tort claimant for any tort action arising out of the operation of a motor vehicle by a government employee

---

2. Irvin, supra, cited Rowley v. United States, D.C.Utah (1956), 140 F.Supp. 295, in which Judge Christenson had reserved final judgment on the liability of the federal employee's automobile liability carrier until following any argument on the carrier's motion to dismiss the third-party complaint.

**36**

who was acting within the scope of his governmental employment, exclusively against the United States, whether the vehicle was owned by the sovereign or by its employee. Gipson v. Shelley, supra. This change in the applicable law lends added emphasis to the intention of the insuring and insured parties.

Several district courts, including two in the Sixth Circuit, have held that automobile liability policies containing language identical with, or similar to, that in the policy issued by State Farm to Mr. Kuhn, operated to give the United States a cause and right of action against insurors of employees of the federal government. Rowley v. United States, supra; Irvin v. United States, supra; Nistendirk v. United States v. MFA Mutual Insurance Company, D.C.Mo. (1964), 225 F.Supp. 884, 885–886[3]; Vaughn v. United States v. Tennessee Farmers Mutual Insurance Company, D.C.Tenn., 225 F.Supp. 890, 891[1];[3] Patterson v. United States, et al. v. State Farm, etc., D.C.Tenn. (1964), 233 F.Supp. 447.[4]

The decisions from the Missouri and Tennessee jurisdictions, supra, were decided following the 1961 amendments to the Tort Claims Act [esp. 28 U.S.C. § 2679], but all of them cite Irvin v. United States, supra, an unappealed decision of five years before on which the federal government seems not to have relied in the intervening period.

While the language is dicta, the Court of Appeals for the Fourth Circuit, since the enactment of the pertinent amendments, supra, has observed that " * * * (t)hese amendments, in effect, substitute the liability of the United States exclusively for that of its employees operating motor vehicles within the scope of their employment. * * * " [at

page 202, fn. 1], and that " * * * (t)he express purpose of the amendments 'is to provide a method for the assumption by the Federal Government of responsibility for claims for damages against its employees arising from the operation by them of vehicles in the scope of their Government employment.' Behind it is the desire to protect the government driver from the ever-present danger of personal liability and to relieve him of the expense of supplying private liability insurance. Senate Report, 87th Congress, 2d Sess. (Aug. 1961), U.S.Code Cong. & Adm.News, p. 2784." Uptagrafft v. United States, C.A. 4th (1963), 315 F.2d 200, 204.

Subsections (a) and (b) of 28 U.S.C. § 2679, as amended in 1961, provide that the remedies provided for claims which are cognizable under 28 U.S.C. § 1346 (b) are exclusive not only against the employee or his estate, but exclusive generally. The reason for this is clear enough, viz., " * * * The policy announced in the amendments had been a matter of great concern to Congress and other governmental bodies. Similar legislation was passed in 1960 but was vetoed because of an objectionable provision that does not appear in the present amendments. * * * " Uptagrafft v. United States, supra, [12] at page 204. Bills to provide governmental indemnification for the drivers of vehicles on government business or to provide liability insurance to such drivers at no expense to them had been discarded in favor of the statute eventually passed. Perez v. United States, D.C.N.Y. (1963), 218 F.Supp. 571, 573[2]; see also Stephan v. Madison, D.C.N.Y. (1963), 223 F.Supp. 256, 258. Had the Congress intended to permit the United States

---

3. In the Vaughn case from the Western District, opinion by Judge Brown, the automobile liability policy was issued to the government's mail carrier to be used for both business and pleasure and recognized that the insured would use his automobile on the business of the United States. No such consideration is found in Mr. Kuhn's policy with State Farm, herein.

4. My colleague, Judge Wilson, was apparently not aware that Judge Brown had revised his original opinion in Vaughn with reference to the interlocutory nature of this Court's earlier action in the case at bar as regards the third-party complaint.

to be indemnified or exonerated in actions under the Tort Claims Act, as amended in 1961, it could have made its purpose clear, and its failure to do so indicates a contrary intention. Girard Trust Co. v. United States (1926), 270 U.S. 163, 169, 46 S.Ct. 229, 70 L.Ed. 524, 528.

■ Subsection (c) of the amended section imposes on the Attorney General the mandatory duty of defending this action, Stephan v. Madison, supra, 223 F.Supp. at page 259[2], and subsection (e) thereof authorizes the Attorney General to compromise or settle it. Notwithstanding, counsel for the defendant United States is now in the anomalous position of insisting that the third-party defendant is required by its contract with Mr. Kuhn to " * * * defend in defendant's name and on its behalf any suit against it alleging injury covered by the policy and seeking damages on account thereof * * * ", Paragraph V, page 2, third-party complaint; yet, the "insured" is required in the contract with State Farm to assist and cooperate with the third-party defendant and specifically may not " * * * make any settlement, assume any obligation or incur any expense * * * " in connection with claims under the policy. Policy conditions, No. 4. The third-party defendant is obligated by contract to defend this action for the insured, and if the United States is " * * * an insured * * * " thereunder, the third-party defendant is bound by contract to defend the United States and to pay the losses incurred to the extent of the limits of its policy. The obligation of the third-party defendant to defend its insureds and to pay any judgment rendered is primary and paramount; " * * * consequently, its rights to control the litigation is first and paramount * * * ." Traders & General Ins. Co. v. Rudco Oil & Gas Co., C.A.10th (1942), 129 F.2d 621[3, 4], 142 A.L.R. 799.

■ Pretermitting the question of any interference with the inter sese contractual rights of the parties to the policy by the enactment of these amendments, it is evident to the Court that the Congress did not contemplate giving the United States a right of action, even where the sovereign has a cause of action, to recoup its losses resulting from claims under the Tort Claims Act. Apparently, the Congress intended that the United States would bear the full brunt of the fiscal responsibility in this situation. It gave the United States no right of indemnity against its negligent employees. Gilman v. United States, supra. And this Court can find no right of indemnity against the insurors of its employees. See Gipson v. Shelley, supra, quoted from in Stephan v. Madison, supra. As was wisely said by Mr. Justice Douglas in Gilman, supra: " * * * (T)he claim now asserted, though the product of a law Congress passed, is a matter on which Congress has not taken a position. It presents questions of policy on which Congress has not spoken. The selection of that policy which is most advantageous to the whole involves a host of considerations that must be weighed and appraised. That function is more appropriately for those who write the laws, rather than those who interpret them." United States v. Gilman, supra, 347 U.S. at pages 511–512, 74 S.Ct. at pages 697–698, 98 L.Ed. at pages 902–903.

■ The concept of indemnity underlies all, but life, insurance policies; and, under the common law, in order to render a judgment against the indemnitee binding on the indemnitor, the defendant was required to notify the indemnitor of the action and offer the indemnitor control of the defense as to the merits of the defendant's liability. Municipal Serv. R. E. Co. v. D. B. & M. Holding Corp., C.A.N.Y. (1931), 257 N.Y. 423, 178 N.E. 745, 78 A.L.R. 323, 325–326. If the United States is deemed an "insured" on the theory that it is a "person or organization legally responsible for the use of" his automobile by Mr. Kuhn, then State Farm is entitled to control the defense of the sovereign in McCrary's Tort Claims Act claim. 28

U.S.C. § 2679, as amended in 1961, precludes the Attorney General's relinquishing control. Stephan v. Madison, supra. It can only be assumed from this state of matters that the Congress intended to give the United States no right of action against the automobile liability insuror of its employees, but that it intended that the United States would pay judgments under the Act without reimbursement from anyone. Otherwise, there is interference with State Farm's contractual reservation of the right to " * * * make such investigation, negotiation and settlement of [this] claim or suit as it deems expedient. * * * "

The only situation this Court can anticipate in which such a paradox could properly arise is where an "insured" under a policy of automobile liability insurance also is the sovereign. " * * * Here the United States is the [third]-party plaintiff to the suit. And the United States has power at any time to create the liability. The only question is which organ of the Government is to make the determination that liability exists. That decision * * * is in this instance for Congress, not for the courts. Until it acts to establish the liability, this Court and others should withhold creative touch. * * * " United States v. Standard Oil Co. (1947), 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067, 2076. If the Congress has decided that the United States should bear the full cost of the negligent acts of its employees under circumstances presented by this action, the adoption of the procedure invoked by counsel for the United States herein would shift invariably the cost to its employees' insurors.

Even though stated in a different context, prior to the enactment of the Federal Tort Claims Act when the sovereign immunity of the United States had not been waived as to tort claims, this Court is of the opinion that Mr. Justice Blandin was eminently correct when he stated for the New Hampshire Supreme Court:

" * * * Obviously the government is not a person under our law. * * * Nor is it believed it could be called an organization. * * * Certainly 'organization' is not commonly employed in speaking of the United States. Since the policy is held to mean what a reasonable person in the position of the insured would expect * * *, it seems that this contention of the plaintiff is without merit." Farm Bureau Mut. Automobile Ins. Co. v. Manson (1947), 94 N.H. 389, 392, 54 A.2d 580, 583.

This Court is of the further opinion that 28 U.S.C. § 2679 gives the United States no right of action against the third-party defendant, and accordingly that the third-party complaint herein fails to state a cause of action on which relief can be granted. Nevertheless, this Court is of the further opinion that the more preferable administration of justice dictates a denial of the motion of the third-party defendant to dismiss the third-party complaint. Should the issues presented in the third-party action be resolved finally in favor of the position of the third-party defendant, no great harm will have been done any parties to this action by such denial. Conversely, if such issues are resolved in favor of the contention of the third-party plaintiff, additional litigation is indicated if the motion under consideration is sustained.

There is respectable authority provided by two district courts in Tennessee, within the Sixth Circuit, for the proposition that the United States has a right of action herein against the third-party defendant. For the sake of uniformity, this Court, having expressed a dissenting view, will adopt the contrary rulings of District Judges Brown and Wilson, supra. Cf. Young v. Railway Express Agency, Inc., D.C.Ky. (1962), 209 F. Supp. 953.

All relief being denied the third-party defendant, the clerk will forthwith prepare, sign and enter a judgment overruling the motion to dismiss the third-party complaint.