**James Robert ADAMS, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. P–2717.**

United States District Court
S. D. Illinois, N. D.

April 30, 1965.

Wayne Hanold, Miller Westervelt & Johnson, Peoria, Ill., for plaintiff.

E. Michael O'Brien, Asst. U. S. Atty., Peoria, Ill., for defendant.

MERCER, Chief Judge.

This suit for damages under the Federal Tort Claims Act, 28 U.S.C. § 2671 et

seq., was filed by Adams against the United States. The complaint alleges that the damages were sustained as a proximate result of the negligent operation of an automobile by one Howard C. Glatthaar in the course of his employment as an employee of the United States.

The United States filed a third-party complaint against State Farm Mutual Automobile Insurance Company. The third-party complaint alleged that State Farm had issued a policy of liability insurance to Glatthaar upon the automobile involved in the collision, that the United States was "an insured" under the provisions of that policy and that State Farm had refused to defend the Adams suit upon the request of the United States. The complaint prays a judgment that the United States be indemnified by State Farm for any judgment which might be rendered against it and for the reasonable value of attorney's fees expended in the defense of the suit.

State Farm has moved to dismiss the third-party complaint in reliance upon the provision of the 1961 amendment to the Tort Claims Act which provides that the remedy of the Act permitting a suit against the United States is an exclusive remedy. 28 U.S.C. § 2679(b)–(e). The effect of the 1961 amendment is to insulate an employee from personal liability for injuries to others arising out of his employment by the United States. In such circumstances, a suit for damages lies against the United States, not against the employee. Uptagrafft v. United States, 4 Cir., 315 F.2d 200; Santoro v. United States, N.D.Ill., 229 F.Supp. 707. State Farm's position in a nutshell is that the statutory insulation of Glatthaar against personal liability for the occurrence also insulates State Farm as Glatthaar's insurer. It contends, as a matter of law, that it has no obligation to defend the pending suit and is not liable under its policy of insurance for any judgment which might be rendered against the United States.

In every reported case in which this question has arisen under the omnibus clause of an insurance policy identical or similar to the omnibus clause here involved, the courts have held that the United States is "an insured" under the employee's policy of insurance. McCrary v. United States, E.D.Tenn., 235 F.Supp. 33; Patterson v. United States, E.D. Tenn., 233 F.Supp. 447; Barker v. United States, N.D.Ga., 233 F.Supp. 455; Gahagan v. State Farm Mut. Auto. Ins. Co., W.D.La., 233 F.Supp. 171; Nistendirk v. McGee, W.D.Mo., 225 F.Supp. 883; Vaughn v. United States, W.D.Tenn., 225 F.Supp. 890. The only dissent from that result is expressed in McCrary, wherein Judge Neese expounds his disagreement with the principle of coverage for the United States, though he held that the United States was an insured upon the authority of Vaughn and Patterson. Compare, Gipson v. Shelley, E.D.Tenn., 219 F.Supp. 915, 916.

The omnibus clause of the policy of insurance issued by State Farm to Glatthaar defines the word "insured" in the following language: " * * * the unqualified word 'insured' includes (1) the named insured and also includes * * * (4) under coverages (A) and (B) any person or organization legally responsible for the use thereof [the automobile] by an insured as defined" above.

Under coverages A and B of this policy State Farm agreed by its policy "(1) to pay all damages which the *insured* shall become legally obligated to pay because of (A) Bodily injury sustained by other persons, and (B) Injury to or destruction of property of others, caused by accident arising out of the ownership, maintenance or use * * * of the owned automobile", and, inter alia, "to defend any suit" against "the *insured*". (Emphasis supplied).

The inclusion of any "organization legally responsible for the use" of the insured automobile as an insured person under the policy is all inclusive. The third-party complaint alleges that Glatthaar was using the automobile in the course of his employment for the United States when the collision occurred which gave rise to this cause of action and that the United States was legally responsible

for its use by its employee. The United States was then "an insured" under the policy unless it must be said that the United States is not an organization.

State Farm is presumed to have used the word "organization" to include all that that word is commonly understood to include. "Organization" means, inter alia, "State or manner of being organized; organic structure, purposive systematic arrangement; constitution." Webster's New International Dictionary, 2nd Ed., Unabridged. "Constitution" is defined, inter alia, as "The fundamental organic law or principles of government of a nation, state, society, or other organized body of men, embodied in written documents, or implied in the institutions and customs of the country or society; * * *" Ibid.

Those definitions certainly include governments within the class of organizations. Only by thinking of the United States as an expanse of land within fixed boundaries, and nothing more, could we deny it status as an organization. That physical factor is not the nation. Within our experience nations have been recognized as existing organizations though they lacked dominion and control over the land area with which their existence was commonly associated. That was true because the people of those nations looked to the constituted authority of government, not to land mass, for their identity as a nation. In like manner, the United States is its people organized in a specific way for the purpose of constituting a system of government. It is an organization pure and simple, despite our sometimes inclination to lose sight of that humble birth and seek for it a more exalted state.

Moreover, the indicated definition of the word "organization" is not new. Interpreting essentially identical policy clauses two courts held prior to the 1961 amendment that the United States was an insured under policies of liability insurance issued to its employees. Irvin v. United States, D.S.Dak., 148 F.Supp. 25; Rowley v. United States, D.Utah, 140 F.Supp. 295. The 1961 amendment to the act did not derogate from the authority of those decisions.

Though State Farm is chargeable with knowledge of the fact of prior judicial interpretation of the word "organization", it issued its policy without any change in its omnibus definition of "an insured." It has no cause to complain that the word is now given its common meaning and the definition previously judicially applied.

Though there is logic in much said through the dissenting voice of Judge Neese in McCrary relative to the potential conflicts between the duties of the Attorney General to defend and the policy provision which gives the insurer complete control of the defense of claims, I do not see these conflicts as insurmountable obstacles. Such potential conflicts certainly cannot operate to exclude the United States from insurance coverage under the policy.

I hold that the United States is an insured under the State Farm policy. State Farm's motion to dismiss the third party complaint is therefore denied.