## HARLEYSVILLE INSURANCE COMPANY

v.

## UNITED STATES of America.

### Civ. A. No. 71–2299.

United States District Court,
E. D. Pennsylvania.

Aug. 16, 1973.

McEldrew, Hanamirian, Quinn & Bradley, Philadelphia, Pa., for plaintiff.

Carl Melone, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

This matter comes before the Court on cross-motions for summary judgment. The issue for decision is whether the plaintiff, Harleysville Insurance Company, having entered its appearance on behalf of the United States in a suit under the Federal Torts Claims Act, 28 U.S.C. § 2679(b), based on the negligence of an insured United States government employee, is entitled to indemnity for the amount paid in settlement of the action together with costs.

The agreed material facts are as follows:

This action has its origin in a traffic accident which occurred in Chester County, Pennsylvania, on November 28, 1966. Marvin Furlong, a postal employee, was making mail deliveries in his private vehicle. He apparently turned his car from the right shoulder of the highway to the left across the highway and into the path of an approaching vehicle occupied by Francis and Vera Mellinger. Suit was instituted in Chester

County Court, Number 114, March Term 1967, Mellinger v. Furlong. Sometime thereafter, the United States petitioned this Court requesting the substitution of the United States as a party defendant, the dismissal of Furlong as a defendant, and the removal of the action to this Court. This was done by order of The Honorable John P. Fullam on December 18, 1969 in Mellinger v. United States and Mellinger, Civil Action No. 68–257. The petition before Judge Fullam was vigorously opposed by Mellinger and the Harleysville Insurance Company, Furlong's liability carrier. Subsequently, counsel for Harleysville entered his appearance in this Court for the defense of the United States with the agreement that this would be done without prejudice to any and all rights Harleysville might have for reimbursement and/or indemnity regarding legal costs, expenses and payment of any settlement or judgment. The case was called for trial before The Honorable Harold K. Wood and was settled during trial for the sum of $8,500.00.

In the instant action Harleysville seeks recovery of the $8,500.00 settlement it paid to the Mellingers, together with interest, costs and reasonable attorneys' fees, for the defense of the United States in said action.

The defendant, United States, argues that it is an insured under the policy issued by Harleysville to postal employee, Marvin Furlong, and as such, Harleysville is legally liable for the settlement paid by it on behalf of the United States in the Federal Tort Claims Action and is, therefore, barred from indemnification in this action. The plaintiff, Harleysville, argues that it is insulated from any liability in view of the fact that the United States acted to substitute itself as a defendant and removed the case from the Chester County Court. The plaintiff relies on Gipson v. Shelley, 219 F.Supp. 915 (E.D.Tenn.1963) and McCrary v. United States, 235 F.Supp. 33 (E.D.Tenn.1964). The plaintiff also contends that the provision in the insurance policy which gives the insurance

company the power to investigate and settle suits on behalf of the insured and the power granted to the Attorney General, pursuant to 28 U.S.C. § 2679(e), to settle or compromise Federal Tort Claims creates a conflict in the management of the litigation and, therefore, the United States must bear the loss alone when it acts to substitute and remove as it did in this case. The plaintiff, Harleysville, also claims that it is relieved of liability by virtue of 28 U.S.C. § 2679(b), which provides:

> The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

The policy, Part I—Liability, provides, in pertinent part:

> Persons Insured. The following are insureds under Part I:
>
> (a) with respect to the owned automobile,
>
> > (3) any other person or organization but only with respect to his or her liability because of acts or omissions of an insured under (a)(1) or (2) above.

There is a long line of decisions holding that the United States is an additional insured under a policy containing a clause similar to the one in this case, quoted above. Government Employees Insurance Company v. United States, 349 F.2d 83 (10th Cir. 1964) (cert. den., 382 U.S. 1026, 86 S.Ct. 646, 15 L.Ed.2d 539); United States v. Myers, 363 F.2d 615 (5th Cir. 1966); Grant v. United States, 271 F.2d 651 (2d Cir. 1959); Nistendirk v. McGee, 225 F.Supp. 881 (W.D.Mo.); Nistendirk v. United States, 225 F.Supp. 884 (W.D.Mo.);

Vaughn v. United States, 225 F.Supp. 890 (W.D.Tenn.); Gahagan v. State Farm Mutual Automobile Ins. Co., 233 F.Supp. 171 (W.D.La.); Patterson v. United States, 233 F.Supp. 447 (E.D. Tenn.); Barker v. United States, 233 F.Supp. 455 (N.D.Ga.) (appeal pndg. 5th Cir. No. 22677); Purcell v. United States, 242 F.Supp. 789 (D.Minn.); Adams v. United States, 241 F.Supp. 383 (S.D.Ill.).

There appear to be only two reported cases supporting the plaintiff's theory that the United States is not an insured in a policy with language similar to that of the instant case: Myers v. United States, 241 F.Supp. 515, 518 (N.D.Tex. 1965); Gipson v. Shelley, 219 F.Supp. 915 (E.D.Tenn.1963). Myers v. United States has been reversed by the Fifth Circuit. United States v. Myers, *supra.* In Gipson v. Shelley, the United States, as the defendant in a Federal Tort Claims Action, moved to join the employee's insurance carrier. Judge Neese of the United States District Court for the Eastern District of Tennessee denied the motion to join, holding that the United States was solely liable, and that the employee's insurance carrier was relieved of liability by virtue of 28 U.S.C. § 2679(b), quoted above. In a subsequent action, Judge Neese was again presented with the same issue when a third-party defendant, an employee insurance carrier, moved to dismiss a third-party complaint filed against it by the United States in a Tort Claims Action. McCrary v. United States, 235 F. Supp. 33 (E.D.Tenn.1964). While Judge Neese adhered to the view which he expressed in *Gipson, supra,* he nevertheless followed the many cases which hold that the United States is entitled to indemnity from a government employee's insurance carrier.

■ We find no basis on which to differ with the prevailing interpretation enunciated by the great majority of federal cases which holds that the United States is an insured under a policy similar to the one in this case. We, there-fore, hold that the United States is an insured under the policy.

■ The United States gave Harleysville the control of the defense as to liability under the Federal Tort Claims Act and relinquished its control over the litigation. Harleysville undertook the defense and settled the action. There is, therefore, no basis on which Harleysville can disclaim liability.

There being no genuine issue as to any material fact, the defendant is entitled to judgment as a matter of law.