

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

November 29, 1974

The Honorable Kenneth W. Cook
Acting Administrator, Texas Alcoholic
Beverage Commission
P. O. Box 13127, Capitol Station
Austin, Texas 78711

Opinion No. H- 464

Re: Authority of the Alcoholic
Beverage Commission to
issue a permit for a premise
on the campus of a state
university.

Dear Mr. Cook:

You have asked our opinion on four questions which relate to the sale of alcoholic beverages on the campus of state supported universities. Your first question involves Article 666-25a, Penal Auxiliary Laws, which provides in part that:

> . . . the governing authorities of any city or
> town within the corporate limits of any such city
> or town may prohibit the sale of alcoholic beverages
> by any dealer where the place of business of any
> such dealer is within three hundred (300) feet of any
> church, public school or public hospital . . . .

You inform us that the City of Houston has enacted an ordinance which provides in part that:

> It shall be unlawful for any dealer to sell
> alcoholic beverages within the corporate limits
> of the city where the place of business of such
> dealer is within three hundred (300) feet of any
> church, public elementary, junior high or high
> school or public hospital . . . .

Your first question asks whether the Houston ordinance is constitutional and is authorized by Article 666-25a.

The basic difference between the statute and the ordinance is in its effect on public schools. The statute includes a reference to public schools. That term includes state supported institutions of higher education. Attorney General Opinion M-749 (1970). The ordinance is worded to delete public post-secondary institutions from its coverage. You have advanced no indication of why you question the constitutionality of the ordinance. The statute previously has been held to be constitutional. Attorney General Opinion O-5160 (1943). We believe the city's distinction between colleges on the one hand and elementary and high schools on the other has a rational basis and is not barred by the equal protection clause of the Fourteenth Amendment to the United States Constitution. This is particularly true given the recent lowering of the age at which alcoholic beverages can be legally consumed so that virtually all college students are now able to legally purchase and consume alcoholic beverages. Accordingly, we find no constitutional barriers to the city ordinance.

We also believe that Article 666-25a does not prohibit the type of ordinance involved here. Under the statute the city is permitted but not required to take the action outlined in the statute. The city has no obligation to invoke any of the authority granted it by the statute, and we see nothing in the statute to suggest that if any of the power is exercised, all of it must be exercised. Accordingly, we believe the city ordinance is valid.

In connection with your second question you inform us that a Texas corporation holding lease rights from a state supported university has applied for a Mixed Beverage Permit for premises located on the campus of that university.

Your second question is:

> Does the fact that the premises sought to be licensed are located on the campus of a state supported university on land owned by the State of Texas require the Texas Alcoholic Beverage Commission to refuse the issuance of a permit to the corporation acting as a concessionaire?

Assuming that the premises which are sought to be licensed are not stadiums or enclosures where athletic events sponsored or participated in by public schools are conducted, (Education Code, § 4. 22) we know of no statute which would preclude the Commission from issuing a permit.

Your third and fourth questions were presented in a supplemental request and involve an application for a Mixed Beverage Permit for premises on the campus of the University of Texas at Austin.   Unlike the Houston situation, no concessionaire is involved.   The University itself is the applicant.

Your third question is:

> Is it constitutional for the University of Texas
> at Austin to hold a mixed beverage permit issued
> by the Texas Alcoholic Beverage Commission?

You have indicated that your specific concern is whether one agency of the state can license another agency.   It is not uncommon for a state agency or its employees to be required to be licensed by another agency. For example, drivers of state vehicles are not exempt from the requirements of obtaining a driver's license.   V. T. C. S. art. 6687b, § 3; Attorney General Opinion O-470 (1939); cf. , Attorney General Opinions C-249 (1964), O-887 (1939), O-790 (1939), O-723 (1939).   State owned nursing homes are specifically required to be licensed.   V. T. C. S. art. 4442c.   An act or practice will not be held unconstitutional unless it is prohibited by the Constitution in express terms or by necessary implication.   Lower Colorado River Authority v. McGraw, 83 S. W. 2d 629 (Tex. Sup. 1935).   You have suggested no section of the Constitution which would prevent the Commission from issuing a Mixed Beverage Permit to the University of Texas at Austin, and we know of none.

Your final question is:

> Does the University of Texas at Austin qualify
> as an entity authorized to hold a mixed beverage
> permit under the Texas Liquor Control Act?

You indicate in your letter that your specific concern is whether the University of Texas is a "person" qualified to hold a permit under the definition of "permittee" at Article 666-3a(12), and the definition of "person" at Article 666-3a(6). Those portions of the statute provide:

(12) 'Permittee' shall mean any person who is the holder of a permit provided for in this Article, or any agent, servant, or employee of such person.

(6) 'Person' shall mean and refer to any natural person or association of natural persons, trustee, receiver, partnership, corporation, organization, or the manager, agent, servant, or employee of any of them.

There is nothing in the definition of person to exclude a state agency, and we believe the definition was intended to be broad. Without considering whether other portions of the definition might apply to an agency of the government, we are of the opinion that the University of Texas qualifies as an organization. See Adams v. United States, 241 F. Supp. 383 (S. D. Ill. 1965) (holding that the United States is an organization); cf., e.g., United States v. Myers, 363 F. 2d 615 (5th Cir. 1966); Government Employees Insurance Co. v. United States, 349 F. 2d 83 (10th Cir. 1965) cert. denied 382 U. S. 1026 (1966); Irvin v. United States, 148 F. Supp. 25 (D. S. D. 1957); Rowley v. United States, 140 F. Supp. 295 (D. Utah 1956) (all holding that the United States is included in the term, "person or organization"). Accordingly, we believe the University of Texas qualifies to hold a permit from the Alcoholic Beverage Commission.

## SUMMARY

The Alcoholic Beverage Commission can issue a permit for premises located on the campus of a state university, and the university itself may hold such a permit.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee