## HOFFMAN et al. v. LAMB KNIT GOODS CO.

### YOUNG v. SAME.

Nos. 83, 84.

District Court, W. D. Michigan, S. D.

Dec. 20, 1940.

On Motions for Summary Judgments
Feb. 28, 1941.

Mason, Sharpe & Stratton, of Kalamazoo, Mich., for plaintiffs.

Travis, Merrick & Johnson, of Grand Rapids, Mich., for defendant.

RAYMOND, District Judge.

These cases are before the court upon motions for summary judgment under Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides in part: " * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ Depositions of the general manager of the defendant in each of the cases, and of Phil Jonas, the operator and owner of the automobile which is alleged to have been the cause of the injuries sustained by plaintiffs, tend strongly to the conclusion that no relationship of master and servant existed, and that the status of Jonas at the time of the accident was that of an independent contractor. Under well established authority, plaintiffs cannot recover if such was the relationship.

■ The question presented is whether or not from the pleadings and depositions there appears to be any "genuine issue" concerning the existence of the master and servant relationship. The pleadings include allegations on behalf of the plaintiffs to the effect that Jonas was, "at the time of the aforementioned occurrence, the employee and servant of the defendant, and under its control, management and direction". These allegations are denied in the answers of the defendant. An issue is thus presented on the pleadings. The asserted elimination of this issue by the defendant's depositions is not as convincing as would have been the case had a written contract of employment been in existence and proved, or had book entries, statements and settlements disclosing only a commission basis of compensation been produced. Knowledge of the controlling facts upon this issue being almost exclusively in the possession of the moving party, nothing less than the most conclusive showing pos-

sible should be accepted as sufficient. However, unless a counter showing is made within a reasonable time by means of affidavits or depositions, it may be that defendant's depositions should be regarded as sufficient to justify a finding that no material issue exists. In the circumstances, it is the view of the court that a continuance of sixty days should be ordered to permit plaintiffs to obtain and submit affidavits or depositions tending to disclose the existence of an issue of fact upon the relationship existing between defendant and Jonas on the date of the accident. See Clair v. Sears Roebuck & Co., D.C., 34 F. Supp. 559. Such an order will be entered.

On Motions for Summary Judgments.

These cases are now before the court upon motions by defendant in each case for summary judgment, under Rule 56 (c) Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Pursuant to opinion filed December 20, 1940, orders of continuance for sixty days were entered to permit plaintiffs to obtain and submit affidavits or depositions tending to disclose the existence of an issue of fact upon the relationship existing at the time of the accident between defendant and its salesman, Mr. Jonas. The precise issue is indicated by the opinion.

 The only additional testimony is by the deposition of James H. Prowant. Supplemental briefs have been filed and the cases are on the calendar for trial early in March, 1941. Therefore it is fair to assume that no additional testimony is, or will be, available upon the issue presented by the motions.

The substance of the Prowant testimony is to the effect that Jonas made deliveries of certain advertising matter and accepted return of merchandise for the defendant for which the witness received credit from the defendant. His testimony also discloses that Jonas had window display cards for advertisement of defendant's merchandise. Prowant testified that Jones did not make personal delivery of goods but only took orders.

It is the view of the court that the testimony of Prowant does not tend substantially to establish the relationship between Jonas and defendant company as that of master and servant, as distinguished from that of an independent contractor. Examination of the authorities is convincing that the test of relationship on issues of this character is the existence or non-existence of the right of the employer to direct and control the manner in which the employee carries out the details of his work. In this instance, the only conclusion which can fairly be drawn from the depositions filed is that Jonas was working as salesman for defendant on a straight commission basis, without allowance for the use of his automobile or other expenses; that it was left entirely to him as to how, and the extent to which, the territory should be developed; that his time was his own; that there was no requirement as to the hours when or the days upon which he should work, or the number of calls he should make in any period of time; that he was not required to report to the company concerning the time spent in its service or as to the number of customers he had seen. Defendant was given no information concerning where Jonas worked or as to the customers called upon, and the only knowledge the company obtained concerning these matters was from orders it received. It further appears that Jonas used his own judgment concerning calls upon any particular customer at any particular time, even though requested by the company to make certain calls. There is nothing to justify a conclusion that defendant had the right or authority to direct the time, manner, or means of securing orders. These matters were left to the discretion of the salesman. There is no evidence of any attempt on the part of defendant to exercise authority concerning these details.

The following authorities support the conclusion that in the circumstances of the instant cases the doctrine of respondeat superior has no application: Howard W. Luff Co. v. Capece, 6 Cir., 61 F.2d 635; Gall v. Detroit Journal Co., 191 Mich. 405, 158 N.W. 36, 19 A.L.R. 1164; Marchand v. Russell, 257 Mich. 96, 241 N.W. 209; Holloway v. Nassar, 276 Mich. 212, 267 N.W. 619; Wesolowski v. John Hancock Mut. Life Ins. Co., 308 Pa. 117, 162 A. 166, 87 A.L.R. 783; American National Ins. Co. v. Denke, 128 Tex. 229, 95 S.W.2d 370; Case notes, 107 A.L.R. 409, and 112 A.L.R. 920; 42 C.J. 1129; 2 Am.Jur., Agency, § 8; 39 C.J. 1316.

See, also, 5 Am.Jur., Automobiles, § 392, where it is stated: " * * * One of the tests to determine whether or not the salesman or collector is an independent contractor is whether the employer retained the right, or had the right under the contract,

to control the mode or manner in which the work was to be done. In other words, the degree of retention by the employer or principal of the right to control the manner in which the details of the work should be done must be considered. A salesman, employed on a commission basis, who owned and operated an automobile to assist him in seeking his trade, and whose movements were in no way controlled by his employer, was held, with respect to the operation of the car, an independent contractor, so that his employer was not liable for injuries caused by the salesman's negligent operation of it."

An order will be entered in each case granting the motion for summary judgment of no cause of action.