WIRGES *v.* HAWKINS.

5-3262                                                    378 S. W. 2d 646

Opinion delivered May 11, 1964.

*G. Thomas Eisele,* for appellant.

*Gordon & Gordon* and *Charles H. Eddy,* for appellee.

FRANK HOLT, Associate Justice. The principal issue raised in this appeal is whether the appellant's complaint is subject to a motion for summary judgment.

The appellant, Gene Wirges, alleged in his complaint that the appellee, Rex Paul, secured a judgment against him in the sum of $11,187.72 in March, 1962, and caused execution to be placed in the hands of appellee, Marlin Hawkins, as sheriff; that notice was given that an execution sale of appellant's newspaper plant was set for 9 A.M., July 5, 1962; that on the day previous to this sale date the appellee and judgment creditor, Rex Paul, through his attorney, sold and assigned his judgment to Dr. Stanley Gutowski who delivered his check for $11,399.90 made payable to appellee Paul and his attorney for the full amount of the judgment plus interest; that this check was then made available to appellee Hawkins; that the plaintiff-appellant had no interest in the said fund and was not a party to the said transaction; that on the morning of July 5, the appellee Hawkins, upon being advised of the sale and transfer of the judgment to Gutowski, refused to call off the foreclosure sale unless paid his statutory costs before the hour set for the sale, despite Gutowski's instructions as the assignee of the said judgment; that appellant paid under protest the costs as claimed by appellee Hawkins in the amount of $528.45; appellant denied the legal right of the appellee Hawkins to collect $418.99, or the following cost items:

1. $341.99  3% commission for receiving and paying money on execution.

2. $25.00  Fee for Herman Hesson for services in making inventory.

3. $52.00  Notice published in the Morrilton Headlight. Appellant, in the alternative, sought recovery of the cost item of $341.99 from appellee Paul for making the Gutowski check available to appellee Hawkins in the event it is determined appellee Hawkins is entitled to this fee or commission. Appellees, Paul and Hawkins, filed demurrers to this complaint. The trial court overruled their separate demurrers treating appellant's complaint as a petition for retaxing the costs and giving each twenty (20) days in which to plead. Appellee Paul filed

an answer alleging a misjoinder of the parties because he would not be a proper party in a petition to retax costs. Appellee Hawkins filed a motion for summary judgment, admitting that appellant's complaint contained a true and correct statement of charges made for his fees. Therefore, appellee Hawkins asserted and now claims as a matter of law no genuine issue as to any material fact remains.

In response to appellee's motion for a summary judgment the appellant filed an amendment to his original complaint questioning the good faith of appellee Hawkins in his collection of the questioned fees and sought recovery of a statutory penalty in addition to recovery of the fees in question. The appellant contended that appellee Hawkins' admission of the collection of the questioned fees did not remove all of the factual aspects contained in his pleadings and, therefore, the motion for summary judgment should be denied. The trial court granted the motion for a summary judgment. For reversal the appellant first contends that the lower court was incorrect in granting appellee Hawkins' motion for a summary judgment since genuine issues as to material facts exist from his pleadings. We think the appellant is correct in this contention and, therefore, it becomes unnecessary to discuss appellant's additional point.

By Act 123 of 1961 [Ark. Stat. Ann. § 29-211 (Repl. 1962)], the Summary Judgment Act, the Arkansas Legislature adopted Rule 56 of the Federal Rules of Civil Procedure. Therefore, we proceed to review some decisions construing the summary judgment procedure. In *Sartor* v. *Ark. Gas Corp.*, 321 U. S. 620, 627, (1944) the court said:

"The Court of Appeals below heretofore has correctly noted that Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their

right of trial by jury if they really have issues to try. *American Ins. Co.* v. *Gentile Bros. Co.,* 109 F. 2d 732; *Whitaker* v. *Coleman,* 115 F. 2d 305.''

In *Warner* v. *First National Bank of Minneapolis,* 236 F. 2d 853, certiorari denied 352 U. S. 927 (8th Cir. 1956), we find this further definition in the application of a summary judgment:

''* * * The trial court has correctly stated that a motion for summary judgment is an extreme remedy, and should be granted only in the absence of a genuine material fact issue. The burden of demonstrating the nonexistence of any genuine fact issue is upon the moving party, and all doubts shall be resolved against him.'' Citing cases.

In the recent case of *Russell* v. *City of Rogers,* 236 Ark. 713, 368 S. W. 2d 89, we said:

''* * * It has been pointed out under the Federal Rule, that the theory underlying a motion for summary judgment is the same as that underlying a motion for a directed verdict. Moore's Federal Practice (2d ed.), § 56.10 (10). Hence any testimony that is submitted with the motion must be viewed in the light most favorable to the party resisting the motion, with all doubts and inferences being resolved against the moving party.''

In *Winter Park Telephone Co.* v. *Southern Bell Telephone & Telegraph Co.,* 181 F. 2d 341 (5th Cir. 1950) it was held that a summary judgment is not proper where:

''* * * facts and circumstances although in no material dispute as to their actuality, reveal aspects from which inconsistent hypotheses might reasonably be drawn and as to which reasonable men might differ.''

Also, see *U. S.* v. *Dollar,* 196 F. 2d 551 (9th Cir. 1952).

As previously stated, the appellees filed a demurrer to appellant's complaint. The trial court then held that the complaint, in effect, is a petition for retaxation of

costs, that it stated a cause of action, and is not subject to a demurrer. We agree that appellant's complaint was not subject to a demurrer. We have said that a motion for a summary judgment is similar to a demurrer. *Arkansas Airmotive Div. of Currey Aerial Sprayers, Inc.* v. *Arkansas Aviation Sales, Inc.*, 232 Ark. 354 335 S. W. 2d 813. There we said:

"*\* \* \* The motion for summary judgment may be likened to a demurrer* to plaintiff's reply, and it is plain enough that the pleading is not subject to demurrer." [Emphasis added.]

In light of the foregoing decisions it is our opinion that justiciable issues exist in the case at bar in a proceeding to retax the costs and, therefore, the pleadings are not subject to a motion for summary judgment.

Judgment reversed and the cause remanded.