**Mariann HOCH, infant, by her guardian ad litem Ilona Hoch, and Ilona Hoch, Adela Kleiner, infant, by her guardian ad litem Dora Kleiner, and Dora Kleiner, Plaintiffs,**

**v.**

**Francis CARTER, Defendant.**

United States District Court
S. D. New York.

June 30, 1965.

---

Zoltan Neumark, New York City, for plaintiffs.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, for defendant, Edward L. Smith, Asst. U. S. Atty., of counsel.

HERLANDS, District Judge.

This is a motion by the defendant (1) for an order substituting the United States of America as sole defendant herein, pursuant to 28 U.S.C. § 2679(d), and (2) for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

The first part of defendant's motion being unopposed, the relief sought therein is hereby granted; and the United States of America is hereby substituted for Francis Carter as sole defendant in this action.

The undisputed facts, as relevant to defendant's motion for summary judgment are as follows:

Plaintiffs in this action are two infant school children and their mothers.

The alleged injuries for which recovery is sought were sustained when a school bus in which the children were passengers was forced to stop suddenly because of the alleged negligence of defendant Francis Carter in driving a United States mail truck through a stop sign and into the intersection. There was no collision. This incident occurred on November 2, 1962.

Thereafter, on October 30, 1963, the plaintiffs in this action instituted suit in the state courts of New York against the owner of the school bus in which the children were riding.

Not until November 5, 1964—two years and three days after the accident—, at the examination before trial of the defendant school bus owner, were the plaintiffs apprised of the fact that a United States Post Office truck had been involved in the accident.

Then, according to plaintiffs' attorney's affidavit, "having discovered that the vehicle was a United States mail truck, and also that the two years statute of limitations has [sic] run, [I] commenced an action against FRANCIS CARTER, the driver of the said United States vehicle individually in the Supreme Court, Bronx County [under the New York three-year statute of limitations]."

The action referred to in the preceding paragraph, commenced on January 25, 1965, is the action presently before the court.

Following a certification by the Attorney General that the defendant Francis Carter was acting within the scope of his employment with the United States Post Office at the time of the incident out of which the suit arose, the action was removed from the state court to this federal district court on February 2, 1965, pursuant to the mandate of 28 U.S.C. § 2679(d), which provides:

(d) Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court.

In moving for summary judgment, the newly substituted defendant, the United States, relies upon the provision in section 2679(d) that "the proceedings [shall be] deemed a tort action brought against the United States under the provisions of this title" and argues that, since the present action was commenced more than two years after the claim accrued, it is "forever barred" under the provisions of 28 U.S.C. § 2401(b), as follows:

(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *.

Plaintiffs concede that the present action was commenced more than two years after the claim accrued, but seek to avoid the effect of section 2401(b) by the following three arguments:

First, plaintiffs contend that the time for commencing this action was extended by 28 U.S.C. § 2401(a), which states:

The action of any person under legal disability * * * at the time the claim accrues may be commenced within three years after the disability ceases.

Section 2401(a) allegedly applies in the case at bar by reason of the fact that the plaintiffs herein were not only infants at the time of the accident but were also, and still are, mentally retarded.

Plaintiffs' argument fails because the disability provision in section 2401(a) applies only to the "civil actions" referred to in the very section—2401(a)—in which the disability provision appears. It does not apply to "tort claims" covered by section 2401(b). As to tort claims, there is no similar provision permitting extension of the time in which suit must be commenced. All tort claims must be commenced within two years. Pittman v. United States, 341 F.2d 739 (9th Cir. 1965); Simon v. United States, 244 F.2d 703 (5th Cir. 1957); United States v. Glenn, 231 F.2d 884 (9th Cir.), cert. denied, 352 U.S. 926, 77 S.Ct. 223, 1 L.Ed.2d 161 (1956).

Plaintiffs' second argument is as follows. Although plaintiffs concede that

Francis Carter was acting within the scope of his employment at the time of the accident and that, therefore, under 28 U.S.C. § 2679, the United States is properly the sole defendant, "the purpose of the so-called 'driver's statute' [28 U.S.C. § 2679(b)–(e)] was the protection of the driver and not the United States Government, and that the Government is estopped to transfer the case from the State Court to the Federal Court for the sole purpose of having the cause of action dismissed thereat and thereby deprive the plaintiffs of a rightful remedy in the State Court."

The fallacy of plaintiffs' argument is that they never had rightful remedy in the state court or any other court against Francis Carter, the person against whom timely suit was instituted in the state court. Once plaintiffs concede, as they have here, that Francis Carter was acting within the scope of his federal employment at the time of the accident, then 28 U.S.C. § 2679(b) is dispositive:

> (b) The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

 Plaintiffs' sole and exclusive remedy was one against the United States. See the comprehensive discussion of 28 U.S.C. § 2679(b)–(e) by Judge Feinberg in Perez v. United States, 218 F. 571 (S.D.N.Y.1963).

 The party against whom this action was timely brought—Francis Carter —was immune from suit. Remedy against the only party amenable to suit —the United States—was concededly barred as untimely. When the proper party is substituted for the wrong party and the proper party then asserts rights which would have been obviously and concededly available had the proper party been sued originally, plaintiffs cannot be heard to complain.

 Plaintiffs' third argument is that, if the court should find that suit against the United States is "forever barred" because of the two-year limitation, then, pursuant to 28 U.S.C. § 2679(d), the court must remand the action to the state court because "the case * * * is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States."

The obvious answer to plaintiffs' last argument is that a remedy against the United States was available; plaintiffs merely failed to avail themselves of it.

Defendant's motion for summary judgment is hereby granted. So ordered.