FANCHER *v.* BAKER

5-3742                                            399 S. W. 2d 280

Opinion delivered February 21, 1966

*H. Paul Jackson,* for appellant.

*Little & Enfield,* for appellee.

CARLETON HARRIS, Chief Justice. This is a case of first impression in this state. Haleen Fancher, appellant herein, and Chester Baker, appellee herein, were involved in an automobile accident in Carroll County on June 15, 1962. At the time of the mishap, Baker was acting in the course of his employment as a rural mail carrier, employed by the United States Government. On August 31. 1964, appellant instituted suit against appellee for damages, asserting that she was severely injured by the collision, and that her injuries were due to the negligence of Baker. Thereafter, appellee filed in the United States District Court for the Western District

of Arkansas (Harrison Division) his petition asking that the action be removed to that court because of the provisions of Title 28, U. S. C., Section 2679.[1] Subsequently, Baker filed a motion in the District Court, stating that the United States Attorney for the Western District of Arkansas had refused to make the necessary certification, and appellee requested the court to substitute the United States Government as defendant in the place of petitioner. This motion was supported by Baker's affidavit to the effect that, at the time of his accident with Haleen Fancher, he was engaged in delivering the United States mail on his route as a rural mail carrier. The United States of America, through the United States Attorney, appeared specially to assert that it had not been made a party to the action, and that Baker's motion was not sufficient to state a claim upon which liability of the United States could be founded. Thereafter, the Federal court remanded the case to the Circuit Court of Carroll County. On December 15, 1964, Baker filed a similar affidavit in the Carroll County Circuit Court, together with motion for summary judgment, the basis of the motion being that appellant's alleged cause of action against him was barred by reason of the provisions of 28 U. S. C., Sections 2401 and 2679. Following the filing of a response in opposition to the motion for summary judgment, the Circuit Court entered its order holding with appellee, and dismissing appellant's complaint with prejudice. From such order, appellant brings this appeal.

At issue are certain provisions of Title 28, U. S. C.[2]

---

[1] From the petition: "The above described action is one which may be removed to this Court by Petitioner pursuant to the provisions of Title 28, U. S. Code, Section 2679, in that it is a civil action brought against defendant, an employee of the United States Government, for personal injuries and property damage allegedly resulting from the operation by Petitioner of a motor vehicle while acting within the scope of his employment as an employee of the U. S. Post Office Department."

[2] The pertinent sections, or subsections, are as follows:

Section 1346 "(b) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court

To briefly summarize pertinent portions, a government employee who has suit instituted against him for personal injuries or property damage, resulting from the employee's operation of a motor vehicle while acting within the scope of his employment, is entitled to have the United States substituted as the defendant, provided the essential provisions of the Code are complied with. The employee is required to timely deliver all process served upon him to his immediate superior in his department (or to whoever is designated by the

of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Section 2679 "(b) The remedy by suit against the United States as provided by section 1346 (b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

"(c) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.

"(d) Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district

department head to receive such papers), and this person then promptly furnishes copies of the pleadings and process to the United States District Attorney (for the proper district), the Attorney General, and the head of the employing Federal agency. The Attorney General is then required to certify that the defendant employee was acting within the scope of his employment at the time of the occurrence out of which the cause of action arose, and when this is done, the case is removed from the state court to the Federal district court for the district and division embracing the locale where the case is pending. The suit is then considered a tort action brought against the United States, and the employee is no longer a party.[3] However, *tort actions brought*

and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court."

However, under the provisions of 28 U.S.C., Section 2401(b), a tort claim against the United States is forever barred unless action is begun within two years after a claim accrues.

[3]The purpose of the legislation is set out in the case of *Perez* v. *United States*, 218 F. Supp. 571 (1963), where District Judge Feinberg quoted from House Report No. 297, as follows:

"'The provisions of H.R. 2883 are intended to meet the existing problem of personal liability of U.S. employees who must drive motor vehicles as a part of their jobs. The Federal Tort Claims Act made it possible for individuals to bring tort actions against the Government in the Federal courts. However, the provisions of that act as now codified in Title 28 of the United States Code do not afford a Government employee relief in those instances where an action is brought against him alone. * * * The result of the situation is that all of the persons who operate vehicles for the United States face the possibility of being sued as individuals for incidents which occur while they are performing duties in behalf of the Government.

\* \* \*

"'This problem concerning the liability of its employees is a matter of direct concern to the United States. The threat of this sort of liability to all Government employees who must operate

*against the United States must be commenced within two years from the date the cause of action accrued,* and it is this last fact which actually occasions the litigation's making its way to this court.

At the outset it might be stated that the question of whether Baker was acting in the course of his employment is not at issue in this appeal. Not one line of the brief is devoted to that point; rather, appellant's entire brief is predicated on the fact that she still has a cause of action, though Baker was acting in the course of his employment at the time of the collision. Under our rules, any question not argued is deemed waived. *Johnson* v. *Gammill,* 231 Ark. 1, 328 S. W. 2d 127, and *Bost* v. *Masters,* 235 Ark. 393, 361 S. W. 2d 272 (Rehearing). Of course, the governmental protection does not extend to a Federal employee who is involved in an accident not connected with his employment.

Appellant did not commence her action against Baker until more than two years had elapsed after the collision. Appellee apparently thereafter followed the procedure mentioned, but there is no certification by the Attorney General of the necessary facts. Of course, the suit was not commenced within two years, and accordingly, there could be no liability on the part of the government. Subsequently, Baker, through his attorney, filed a motion in the Federal District Court, setting out that the United States Attorney had refused certification, and asking the court to substitute the United States Government as the defendant in the action. In support of the motion, he also filed his affidavit. The government entered its special appearance, asserting that appellee's motion was insufficient to state a claim upon

---

vehicles in the course of their employment has an adverse effect on the efficiency and morale of those employees.

\* \* \*

" 'Since the Government must continue to utilize motor vehicles to render its required services it must be recognized that those vehicles must be operated by competent and reliable drivers. The threat of personal liability hardly aids in attracting and holding the responsible sort of employee required for such work.' "

which liability of the government could be founded. The district court thereupon rendered its order remanding the case to the Circuit Court of Carroll County.[4]

Thus far, there appears no disagreement, but appellant contends that she still has the right to pursue her claim against appellee in the state court, because there, the cause of action is not barred by limitations. Appellant states:

"I think it is apparent that the Congress intended for the legislation to be an exclusive remedy only when all its conditions had been complied with, which in effect means that the United States accepts responsibility for the action on a respondeat superior theory and declares the tort feasor immune. Since neither of these conditions have been complied with in the instant case, and because the federal court for this district has refused jurisdiction in this matter, it is our contention that the action is maintainable against the defendant on an individual basis in our state court."

We do not agree. There are but few cases on this

---

[4]No reason was given by the court for remanding the case. However, it is clear from Federal decisions, that the court was without jurisdiction, because of the expiration of the two-year period. In *De Bonis* v. *United States*, 103 F. Supp. 119, the United States District Court for the Western District of Pennsylvania said: "The Federal Tort Claims Act creates the right of action and fixes the period within which the enforcement action must be commenced. When that period expired here on May 19, 1950, the right of action, remedy, and the corresponding liability were extinguished and the Court has no jurisdiction to entertain the suit. (Citing authorities) In *Humphreys* v. *United States*, 272 F. 2d 411, the United States Court of Appeals for the Ninth Circuit, after holding that, in a suit against a sovereign, there must be a waiver of immunity, stated: "But no waiver exists under 28 U.S.C.A. § 1346 once the two-year period of limitations has run. Thus, after the two-year period the District Court has no jurisdiction over the action." Likewise, in *Slater* v. *Keleket X-Ray Corporation*, 172 F. Supp. 715, the District Court for the District of Columbia, held that the Federal Tort Claims Act "is not merely a statute of limitations barring the remedy, but is jurisdictional and destroys and extinguishes the cause of action upon the expiration of the period."

legislation (pertinent portions being enacted in 1961), and the cases cited are not too helpful, because the facts are considerably different, and the question here at issue was not directly presented; however, our research has revealed the recent case of *Hoch* v. *Carter,* 242 F. Supp. 863, decided on June 30, 1965. There, though the facts were a little different, the question now before us (failure to institute suit within two years) was squarely passed upon. The court, in determining the litigation, said:

"The fallacy of plaintiffs' argument is that they never had rightful remedy in the state court or any other court against Francis Carter, the person against whom timely suit was instituted in the state court. Once plaintiffs concede, as they have here,[5] that Francis Carter was acting within the scope of his federal employment at the time of the accident, then 28 U. S. C. § 2679(b) is dispositive:

"(b) The remedy by suit against the United States as provided by section 1346 (b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter

[5]Here, appellant filed a response to the motion for summary judgment, asserting: "That there are genuine issues of material facts which plaintiff cannot present in affidavit form because some are outside plaintiff's knowledge at this time, and/or would have to be presented by proper testimony." Our summary judgment act, Ark. Stat. Ann. § 29-211 (Repl. 1962), is a copy of Rule 56 of the Federal Rules of Civil Procedure, and it has been held (in interpreting this rule) that allegations, similar to those in appellant's response, are insufficient to create issues of fact. In *Hartmann* v. *Time,* 64 F. Supp. 671 (vacated in part on issues not material to the present case), the District Court for the Eastern District of Pennsylvania said: "The affidavit referred to concludes with the statement 'that he cannot, because some of these facts and other pertinent facts are particularly within the exclusive knowledge of the defendant, present by affidavit all of the facts essential to justify the plaintiff's opposition to the defendant's motion.' Plainly, the plaintiff is banking on Rule 56(f), Federal Rules of

be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

"[4] Plaintiffs' sole and exclusive remedy was one against the United States. See the comprehensive discussion of 28 U. S. C. § 2679 (b)-(e) by Judge Feinberg in Perez v. United States, 218 F. 571 (S.D.N.Y. 1963).

"[5] The party against whom this action was timely brought—Francis Carter—was immune from suit. Remedy against the only party amenable to suit—the United States—was concededly barred as untimely. * * * "

As here, appellants argued that, having no remedy against the United States they should have their remedy in the state court.

The court stated:

"The obvious answer to plaintiffs' last argument is that a remedy against the United States was available; plaintiffs merely failed to avail themselves of it."

We think unquestionably that the remedy afforded by suit against the government is exclusive. Indeed, the legislative language, "*exclusive of any other action or proceeding,*" could hardly be more forcefully stated. As in *Hoch*, there was a remedy available to appellant— but she did not avail herself of it.

Civil Procedure. However, the mere averment of exclusive knowledge in the other party, it seems to me, is not adequate. Plaintiff has not attempted to show what facts are within defendant's exclusive knowledge; rather, his statement is vague and indefinite. Moreover, he has not shown that any steps were taken to procure the desired information pursuant to the discovery procedure permitted by the rules. See 3 Moore's Federal Practice (1938) Sec. 56.07; *Seward* v. *Nissen, supra.* Also, the plaintiff has not indicated that he is desirous of taking advantage of the discovery procedures." In the instant case, appellant did not offer any affidavits at all, though the response states that "some are outside plaintiff's knowledge at this time."

Affirmed.

McFADDIN and COBB, J.J., dissent.

GEORGE ROSE SMITH and WARD, J.J., concur in the result.

ED. F. McFADDIN, Justice, dissenting. I dissent. I admit the Federal Government is extremely powerful; but if one citizen of Arkansas desires to sue another citizen of Arkansas in the State Courts of Arkansas in a private tort action, then I am not willing to hold that the Federal Congress can shorten the State statute of limitations in actions between individuals. Particularly is this true in this case in which the Federal Government was not, and is not, a party. In short, I deny the constitutionality of a Federal statute that is construed to accomplish such a result as is reached by the Majority in this case.

OSRO COBB, Justice, dissenting. The majority has found it unnecessary, in considering this appeal, to pass upon the question, if any, as to the existence of a genuine factual issue between the parties as to the mission and scope of activities of appellee as an employee of the United States at the time of the collision. The majority has adopted the view that such an issue is not sufficiently raised by appellant for our review. I do not agree.

Appellant's entire appeal is bottomed upon a single Point, and I quote:

"Court erred in granting Defendant-Appellees motion for summary judgment since 28 U. S. Code Section 2679 grants exclusive jurisdiction to the United States only when the United States accepts responsibility for the tortious act and declares the tort feasor immune, neither of which were done in this case."

This appellant suffered the dismissal of her entire cause of action in the trial court by the entry of a sum-

mary judgment. The propriety of the action of the trial court in doing so is the only issue here on appeal and it seems to me that anything in this record demonstrating or tending to demonstrate error by the trial court in granting summary judgment is now properly before us for review.

Appellee filed an affidavit in support of his motion for summary judgment stating that he was employed by the United States and was in performance of his duties of delivering mail at the time of the accident. However, within two days of the filing of said affidavit by appellee, appellant filed a formal response, paragraph 1 of same reading as follows:

"That there are genuine issues of material facts which plaintiff cannot present in affidavit form because same are outside plaintiffs' knowledge at this time, and/or would have to be presented by proper testimony."

Moreover. appellee had previously filed a request for admissions of fact by appellant as to appellee's employment by the United States and as to his being engaged in delivering the mail at the time of the incident. Appellant formally responded refusing to make the admissions and stating in her response:

" . . . She cannot, however, with certainty, say that the defendant was on this route delivering mail at the time of the collision. Plaintiff, therefore, states that she has insufficient information to admit or deny those items requested by defendant."

Summary judgment is not available unless all questions as to dispositive facts have been removed.

"Motion for summary judgment is extreme remedy and should be granted only in absence of genuine material fact issue. Ark. Stat. Ann. Sec. 29-211. Fed.

Rules Civil Procedure, Rule 56, 28 U. S. C. A.''

*Wirges* v. *Hawkins,* 238 Ark. 100, 378 S. W. 2d 646.

Our civil procedures as to summary judgment have been taken from Rule 56 of the Federal Rules of Civil Procedure. The federal courts have enjoyed a broad experience in the use of summary judgments and the federal courts have uniformly held that affidavits in support of a motion for summary judgment may be traversed by other affidavits or by the *filing of an additional responsive pleading,* which is what occurred in this case. *Fletcher* v. *Norfolk Newspapers, Inc.,* 239 F. 2 169. In *Hartford Accident and Ins. Co.* v. *Loyd,* 173 F. Supp. 7, U. S. District Judge John E. Miller granted summary judgment when no factual issue was found to exist but stated on page 12:

> ''The affidavit was not disputed with counter affidavits or *subsequent pleading of any kind,* although the defendants have been given adequate time under the local rules to do so if they so desire.'' (Underscoring ours.)

> ''Nothing less than most conclusive showing possible in defendants deposition that master and servant relationship existed between defendant and such owner and operator should be accepted as sufficient on defendant's motion for summary judgment, as knowledge of controlling facts on such issue is almost exclusively in defendant's possession.'' *Hoffman* v. *Lamb Knit Goods Co.,* 37 F. Supp. 188. In *Subin* v. *Goldsmith,* 224 F. 2d 753, the court held: ''Opponents failure to file counter affidavit in answer to affidavit filed to support motion for summary judgment does not compel acceptance as true of facts alleged in movant's affidavit.'' Cert. denied, 350 U. S. 883.

In *Fogelson* v. *American Woolen Company,* 170 F. 2d 660, cited in *Subin* v. *Goldsmith,* supra, all of the directors of the corporation, including a former Gover-

nor of Massachusetts, a former Governor of the Federal Reserve Board, and a former Assistant Secretary of the Treasury, gave affidavits of fact in support of motion for summary judgment. While no affidavits were filed traversing said affidavits, the appellate court reversed the summary judgment entered below, noting:

> "It may be unlikely that the plaintiffs can prove their allegation, for such proof must be drawn largely from the directors themselves by cross-examination; but we do not think that their affidavits must be accepted as conclusive and thus preclude any trial of that issue."

In *Bozant* v. *Bank of New York*, 156 F. 2d 787, Judge Learned Hand set forth in the opinion:

> "In conclusion we cannot avoid observing that the case is another mistaken effort to save time by an attempt to dispose of a complicated state of facts on motion for summary judgment. This is especially true when the plaintiff must rely for his case on what he can draw out of the defendant. Arnstein v. Porter, 2 Cir., 154 F. 2d 464. It appears to be somewhat difficult to persuade the district courts of this; but we are satisfied that it is true."

The practice has generally been followed in the federal courts at all levels to decline summary judgment where the facts set forth in affidavits in support of motion for summary judgment are peculiarly in the knowledge of defendants. See *Colby* v. *Klune*, 178 F. 2d 872. *Sartor* v. *Ark. Natural Gas Corporation Kansas Group*, 321 U. S. 620. In *Toebelman* v. *Missouri-Kansas Pipe Line Co.*, 130 F. 2d 1016, the court declared:

> "It is obvious that this evidence must come largely from the defendants. This case illustrates the danger of founding a judgment in favor of one party upon his own version of facts within his sole knowledge as set forth in affidavits prepared ex parte.

Cross-examination of the party and a reasonable examination of his records by the other party frequently bring forth further facts which place a very different light upon the picture.''

A leading case in interpreting the federal rules as to summary judgments in situations similar to the instant case is that of *Cohen* v. *Curtis Publication Company*, 31 F. R. D. 569, from which we quote:

"In considering this motion, the Court is fully aware that a summary judgment should be granted with caution and only where the movants have established the non-existence of any genuine issue of ‎fact. The showing made likewise must be construed in the light most favorable to the plaintiff. Moreover, the plaintiff should be accorded any and all favorable inferences that may be deduced from the showing. It is with these principles in mind that the Court approaches the question as to whether or not these two movants are entitled to the relief which they seek.''

The Cohen case, supra, was affirmed 312 F. 2d 747, cert. denied 375 U. S. 850, and rehearing denied 375 U. S. 936.

Subsection (d) of Section 2679, Title 28 U. S. C. A. expressly contemplates that the Department of Justice, through the Attorney General, will inquire into the case and make a certification as to whether the defendant employee was acting within the scope of his employment for the United States at the time of the incident.

On October 8, 1964, appellee filed a verified motion seeking to have the United States substituted as a defendant in the action brought by appellant against him, and paragraph 4 of said motion, at page 10 of the transcript of the record, sets forth:

"The U. S. Attorney for the Western District of

Arkansas has refused to certify that appellant was acting within the scope of his employment at the time of the incident out of which this suit arises. . . . ''

Subsequently, on October 30, 1964, the U. S. Attorney for the Western District of Arkansas entered a special appearance opposing appellee's motion to substitute the United States of America as a party defendant, paragraph 2 of said special appearance being as follows:

''That the defendant's motion is not sufficient to state a claim from which liability of the United States can be founded.''

The Department of Justice had several weeks of time in which to inquire into the circumstances of this accident before filing its special appearance, and the language of the special appearance, in avoiding any statement as to the mission of appellee at time of accident, strongly infers an additional cloud over the unresolved fact issue as to whether appellee was acting within the scope of his duties as an employee of the United States at the time of the accident. I am convinced that multiple doubts and inferences of doubt existed as to this factual issue. Since it seems to me that this case never reached a posture wherein summary judgment could be appropriately entertained, I must respectfully dissent from the majority opinion in affirming the summary judgment entered in this case.

I, therefore, dissent.