**John C. VAN HOUTEN, Plaintiff,**

v.

**Ray Arthur RALLS and Gerald L. Byington, Defendants.**

No. 1911–N.

United States District Court
D. Nevada.

Sept. 1, 1967.

George W. Abbott, Minden, Nev., for plaintiff.

Joseph L. Ward, U. S. Atty., Reno, Nev., for defendants.

## DECISION

THOMPSON, District Judge.

This is an action for personal injuries arising out of a motor vehicle collision brought by John C. Van Houten, a federal employee acting within the scope of his employment, against Roy Arthur Ralls and Gerald L. Byington, federal employees acting within the scope of their employment. The suit was brought in the Seventh Judicial District Court of the State of Nevada, in and for the County of White Pine, and was removed to this Court as an action within the scope of 28 U.S.C. § 2679. Plaintiff has moved to remand the case to the state court, and the United States Attorney has moved to dismiss the action as one against the United States under 28 U.S. C. § 2679(b) and 28 U.S.C. § 1346(b) which is precluded as to this plaintiff because his exclusive remedy lies under the Federal Employees' Compensation Act, 5 U.S.C. § 757(b).

In a companion action (John C. Van Houten v. Ray Arthur Ralls, Gerald L. Byington and the United States of America, Docket No. 1838), brought in this Court under the Federal Tort Claims Act, this Court, on January 6, 1967, dismissed the action. The Court then concluded that plaintiff's sole remedy against the United States was under the Federal Employees' Compensation Act and that the Court had no jurisdiction of the action against the individual defendants absent diversity of citizenship. The Court expressed the opinion, however, that inasmuch as a remedy against the United States was not available to plaintiff under the Federal Tort Claims Act, his suit did not fall within the purview of 28 U.S.C. § 2679 and an action against the individuals was not barred. The present motions bring this problem before the Court for reconsideration.

The issue is one of federal law which should be determined by the federal rather than the state courts. If this Court should grant the motion to remand, a non-appealable order, the defense that the remedy by suit against the United States is exclusive. [28 U.S.C. § 2679(b)] would not be removed from the case (Cf. Fancher v. Baker, 240 Ark. 288, 399 S.W.2d 280, 16 A.L.R.3d 1383) and the Nevada Courts would be

required to resolve this arguable problem of interpretation of federal statutes. On the other hand, if this Court grants the motion to dismiss, the Court of Appeals for the Ninth Circuit may be called upon to make a definitive ruling for this Circuit.

Upon reconsideration, the Court has concluded that the motion to dismiss should be granted. The viewpoint expressed in the opinion filed in the companion case still has some merit as an argument under standard canons of statutory interpretation. But the net result is to attribute to Congress an intent when it adopted the Government Drivers Act amendment to the Federal Tort Claims Act which affronts common sense. Under that interpretation, a federal employee driver of a motor vehicle in the course of his employment is normally exonerated from personal liability, but not so if the injured person is another federal employee who has a claim for compensation under the Federal Employees' Compensation Act. An intent to engraft such an incongruous exception to the general immunity from personal liability cannot be found in the language of the statute nor in the legislative history.

■ The Court's earlier viewpoint was founded on the statutory language, "the remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death * * * shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate." The Court now has concluded that this plaintiff, although a federal employee having rights under the Federal Employees' Compensation Act, is still a person to whom the statutory language, "the remedy against the United States provided by section 1346(b)" applies. Section 1346(b) encompasses "claims * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." This is exactly such a case, and there is no provision of the Federal Tort Claims Act which would disqualify Van Houten as a claimant or plaintiff thereunder. Congress, in the Government Drivers Act, 28 U.S.C. § 2679(b), incorporated Section 1346(b) by reference as a description of the class of cases to which the exclusivity of the remedy against the Government and the immunization of the individual federal employee from liability apply. The fact that for some extraneous reason the particular plaintiff cannot successfully maintain suit under the Federal Tort Claims Act should not change the result. So, the fact that Van Houten, as a federal employee, has as his exclusive remedy his claim under the Federal Employees' Compensation Act does not remove his case from the class of cases or claims described in Section 1346(b); that is to say, his is a claim for personal injuries caused by a federal employee under circumstances where a private person would be liable to respond in damages under Nevada law. See: Hoch v. Carter (S.D.N.Y.1965), 242 F.Supp. 863; Fancher v. Baker, supra; Perez v. United States (S.D.N.Y.1963), 218 F.Supp. 571; Uptagrafft v. United States (4th Cir. 1963), 315 F.2d 200; Adams v. United States (S.D.Ill.1965), 241 F.Supp. 383.

The action will be dismissed. The basic intent of Congress to protect a Government driver from exposure to personal liability cannot be carried out by the statutory interpretation developed in the companion case. Presumably this demonstration of schizophrenia in the judicial process will prove frustrating to the plaintiff in this case, but having been persuaded that the earlier decision was wrong, the fairest course we can take at this point is to say so.

An order will be entered accordingly.