James Edward **RAY,** to his own use and to the use of State Accident Fund, and Ozell Mayer, to his own use and to the use of State Accident Fund

v.

Ernest A. **HARRIS,** Jr., and Otis Craig, and United States of America.

**Civ. No. 18322.**

United States District Court
D. Maryland.
Sept. 25, 1967.

Gerald H. Cooper, Baltimore, Md., for plaintiff.

Stephen H. Sachs, Paul M. Rosenberg, Baltimore, Md., for the United States.

No appearance for defendant Otis Craig.

Ernest A. Harris, David D. Patton, Baltimore, Md., for defendant.

MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

Plaintiffs allege they suffered injuries in an automobile accident due to the neg-

ligence of defendant Craig, the driver of one vehicle, and the negligence of defendant Harris, the driver of a second vehicle. Plaintiffs also assert that at the time and place of the alleged accident, defendant Harris was acting within the scope of his employment as an employee of the Post Office Department, an agency of defendant United States of America. Plaintiffs seek monetary damages pursuant to 28 U.S.C. §§ 1346 and 2671 et seq. Defendant Harris has moved to dismiss on the grounds, *inter alia*, that the statutory remedy is exclusively against the United States and not against one of its employees. The Government, as a defendant, in its answer also takes the position that Harris is not a proper party defendant.

Section 2679(b) of 28 U.S.C. provides:

(b) The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

In Perez v. United States, 218 F.Supp. 571 (S.D.N.Y.1963), Judge Feinberg, then a District Judge, after reviewing the legislative history of 28 U.S.C. § 2679(b), held that a suit against the Government driver employee, in his individual capacity, for his alleged negligent operation of a Government vehicle in the scope of his employment by the Government, is barred by the provisions of that statute. The language of 28 U.S.C. § 2679(b) itself and the legislative history as set forth by Judge Feinberg in *Perez* clearly impose the bar which is the basis of the motion to dismiss of defendant Harris and the Government's position to that same effect.

Neither of the plaintiffs has filed any memorandum in opposition to the motion to dismiss of defendant Harris, nor has either of them requested a hearing, within the provisions and time limitations set forth in Local Rule 7 of this Court.

It is therefore ordered this 25th day of September, 1967, by the United States District Court for the District of Maryland, that the action of plaintiffs against defendant Ernest A. Harris, Jr. be, and the same is, hereby dismissed as against said defendant.